SHERMAN v. WINKELMAN BROS. APPAREL, INC.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCI-
DENTAL INJURY—POISON.
    Finding of department of labor and industry that rash on plain-
    tiff's body was caused by accident arising out of and in course
    of employment incidental to handling low-priced, dyed furs,
    *held*, supported by evidence.

2. SAME—FINDING OF DEPARTMENT CONCLUSIVE.
    Finding of fact by department of labor and industry, supported
    by evidence, is conclusive on Supreme Court.

Appeal from Department of Labor and Industry.
Submitted January 18, 1933. (Docket No. 26, Cal-
endar No. 36,698.) Decided March 2, 1933.

Dorothy Sherman presented her claim against
Winkelman Bros. Apparel, Inc., employer, and
Home Indemnity Company of New York, insurer,
for an alleged accidental injury received while in
defendant's employ. Award to plaintiff. Defend-
ants appeal. Affirmed.

*Friedman, Meyers & Keys* (*Aaron Weiswasser*, of
counsel), for plaintiff.

*Coulter & Hampton,* for defendants.

CLARK, J. In this review as upon certiorari of an
award of the commission of department of labor and
industry, the question is, was there an accidental
personal injury arising out of and in the course of
the employment? Plaintiff, a saleslady of defendant
employer, handled a shipment of low-priced, dyed

furs, having a bad odor. Shortly thereafter a rash broke out on different parts of her body. Plaintiff testified of the history and development of her ailment and of probable source of irritation. Physicians who examined and treated her testified from their own observations and knowledge and from the history supplied by plaintiff that in their opinion the irritation was caused by handling the furs. Other common causes of such an irritation were named and eliminated, leaving the reasonable inference of cause as stated, and this was the inference of the commission, a finding of fact, supported by evidence and conclusive on this court. See *Dove* v. *Alpena Hide & Leather Co.*, 198 Mich. 132; *Frankamp* v. *Fordney Hotel Co.*, 222 Mich. 525.

The contention of occupational disease calls for no discussion on this record.

Affirmed.

McDonald, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.