MRS. JOHN W. CARLTON, WIDOW OF JOHN W. CARLTON, DECEASED, EMPLOYEE, v. BERNHARDT-SEAGLE COMPANY, EMPLOYER, AND THE TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 4 November, 1936.)

**1. Master and Servant F i—**

Where each of the essential facts found by the Industrial Commission is supported by competent evidence, the findings are conclusive on appeal, even though some incompetent evidence was also admitted upon the hearing.

**2. Master and Servant F b—**

Evidence that an employee was carrying dynamite over a slick, rough road in the performance of his duties, that he twisted his ankle, causing severe sprain and other internal injuries proximately resulting in his death, is sufficient to sustain findings that his death resulted from an accident arising out of and in the course of his employment.

**3. Master and Servant F d: Evidence H f—**

Testimony of the wife of an employee as to his expressions of bodily feeling tending to show the progress of the injury is competent upon the hearing upon the question of whether the accident proximately caused his death.

**4. Master and Servant F d: Evidence E d—**

The report signed by the manager of an incorporated employer and filed with the Industrial Commission as required by N. C. Code, 8181 (vvv), is competent upon the hearing and statements contained therein not within the personal knowledge of the manager are competent as an admission against interest.

APPEAL by defendants from *Warlick, J.*, at May Term, 1936, of CALDWELL. Affirmed.

Heard upon defendants' appeal from the North Carolina Industrial Commission, awarding compensation for death of plaintiff's husband, John W. Carlton, found to have resulted from an injury by accident arising out of and in the course of his employment.

From judgment affirming the award of the Industrial Commission, defendants appealed to this Court.

*B. F. Williams for plaintiff, appellee.*
*Sapp & Sapp for defendants, appellants.*

DEVIN, J. The single question presented by this appeal is whether there was competent evidence to sustain the award.

If the findings of fact of the Industrial Commission are supported by competent evidence, they are conclusive upon appeal. *Southern v. Cotton Mills,* 200 N. C., 165.

The defendants, however, contend that the evidence offered was incompetent, and therefore insufficient to support the award. In *Brown v. Ice Co.,* 203 N. C., 97, *Brogden, J.,* speaking for the Court, used this language: "Obviously, if all the testimony offered by a claimant, tending to show an injury sustained in the course of his employment, was hearsay and incompetent, no finding based upon such testimony could be upheld."

While some of the evidence offered in the instant case might fall within the category of hearsay, there was competent evidence sufficient to establish the essential facts found.

The report made by M. R. Bernhardt, manager of employer (an unincorporated firm), pursuant to section 8181 (vvv), Michie's Code of 1935, sets out facts sufficient to show that the deceased, an employee, twisted his ankle, causing severe sprain or other internal injury to his right ankle; that this happened while he was carrying a case of dynamite over a rough, slick road, engaged in his regular line of duty at the time, and that the injury was by accident arising out of and in the course of his employment; and there was evidence of the wife as to the character of the injury and as to expressions of bodily feeling on the part of the deceased, showing the progress of the injury (*Howard v. Wright,* 173 N. C., 399); and the opinion of the medical expert that the death proximately resulted from the injury.

The report of the accident, made by the employer, was competent. *Russell v. Oil Co.,* 206 N. C., 341; 71 C. J., 1073. Even if the report signed by M. R. Bernhardt contained some statements of fact not of his personal knowledge, it was competent as a declaration against interest. *Tapp v. Dibrell,* 134 N. C., 546; 71 C. J., 1073-4.

Affirmed.