STACY, C. J., and WINBORNE, J., dissent.
SEAWELL, J., took no part in the consideration or decision of this case.
In this cause the parties agree on the following statement of facts:
"1. That Tessie Barbour, deceased, was on and before 23 April, 1937, employed by the State of North Carolina, at the State Hospital, at Raleigh, North Carolina.
"2. That on 23 April, 1937, said Tessie Barbour received an injury by accident arising out of and in the course of his employment, which injury resulted in his death on 24 April, 1937. *Page 516 
"3. That Joella Barbour, wife, Moses Barbour and Joseph Barbour, two minor sons, are the survivors and sole dependents of said Tessie Barbour, deceased.
"4. That the amount of compensation due said dependents, if anything, is the minimum of seven ($7.00) dollars per week for three hundred and fifty weeks (350), plus burial expenses of two hundred ($200.00) dollars.
"5. That the employment of the deceased, Tessie Barbour, by the State of North Carolina, his duties under such employment, and the acts being performed by him at the time of his said injury, were related to the cultivation of the soil and growing of crops, consisting mainly of foods and foodstuff, on the lands of the State used by the State Hospital at Raleigh, North Carolina. That at the time of the employee's injury, he was engaged in the operation of a tractor propelled by gasoline power upon said lands, and that said tractor ignited or the gasoline tank exploded, throwing burning gasoline upon the body of said employee, and he was thereby mortally burned.
"6. That the only disputed question to be determined is one of law; that is, under the foregoing statement of facts, is the claim of the dependents of said employee compensable under the provisions of the North Carolina Workmen's Compensation Act? Or, in other words, is the injury or death of a farm laborer employed by the State of North Carolina compensable, under the North Carolina Workmen's Compensation Act?
THE STATE HOSPITAL AT RALEIGH,
By A. A. F. SEAWELL, Attorney-General,
Per T. WADE BRUTON,
Assistant Attorney-General.
JOELLA BARBOUR,
MOSES BARBOUR, and
JOSEPH BARBOUR, Claimants,
By I. O. BRADY, Attorney."
This case came on for review before the Full Commission at Raleigh, North Carolina, 7 October, 1937, upon an appeal by the defendants, in apt time, from the award of Commissioner Jurney.
No evidence was taken. The case was submitted to the Commission on an agreed statement of facts. It is purely a question of law. Section 2 (a) reads, in part: "The term `employment' includes employment by the State and all political subdivisions thereof, and all public and quasi-public corporations therein, and all private employments in which five or more employees are regularly employed in the same business or establishment, except agricultural and domestic service, . . ." *Page 517 
Section 2 (b) reads, in part: "The term `employee' means every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also including minors, whether lawfully or unlawfully employed, but excluding persons whose employment is both casual and not in the course of the trade, business, profession, or occupation of his employer, and asrelating to those so employed by the State, the term `employee' shallinclude all officers and employees of the State, except only such as areelected by the people, or by the General Assembly, or appointed by theGovernor, either with or without the confirmation of the Senate: . . ." (Italics ours.)
Section 2 (c) reads: "The term `employer' means the State and all political subdivisions thereof, all public and quasi- public corporations therein, every person carrying on any employment and the legal representative of a deceased person or the receiver or trustee of any person."
Section 14 (b) reads, in part: "This act shall not apply to casual employment, farm laborers, . . ."
The Full Commission affirms the findings of facts, conclusions of law, and the award of the hearing Commissioner. The defendant will pay the cost of the hearing. T. A. Wilson, Commissioner. Examined and approved by: Buren Jurney, J. Dewey Dorsett."
The defendant took an appeal to the Superior Court. The judgment of the Superior Court is as follows: "This cause coming on to be heard, and being heard before the undersigned judge of the Superior Court of Wake County, at the Second January Term, 1938, on appeal by the defendant from the award of the North Carolina Industrial Commission in favor of the plaintiffs: The court is of the opinion: (1) That Barbour, deceased, was an employee of the State. (2) That the State voluntarily surrendered its right to exemption from the Workmen's Compensation Act. (3) That the statute's exemption of farm laborers was intended for the protection of farmers as an occupational class, and a farm laborer in contemplation of the statute is a man hired to till the soil or do other agricultural work by one whose occupation is that of a farmer. The award of the Commission is affirmed. N. A. Sinclair, Judge Presiding."
The defendant excepted and assigned error to the judgment as signed and appealed to the Supreme Court.
The question involved: Is the death of a State employee, arising out of and in the course of his employment, while driving *Page 518 
a tractor in the cultivation of food crops on the lands of the State used by the State Hospital at Raleigh compensable under the Workmen's Compensation Act? We think so.
This and other courts of the United States have held that the various compensation acts should be liberally construed so that the benefits thereof should not be denied upon technical, narrow and strict interpretation. The primary consideration is compensation for injured employees. We think the judgment of the court below correct — that the State Hospital employee, Tessie Barbour, deceased, was not a "farm laborer" in contemplation of the statute.
We think the language of the statutes, construed in pari materia, and given a liberal construction, is sufficient to affirm the judgment, and there is no necessity to cite authorities to sustain the holding of the court below.
The judgment of the court below is
Affirmed.
STACY, C. J., and WINBORNE, J., dissent.
SEAWELL, J., took no part in the consideration or decision of this case.