JOHN LOVE, EMPLOYEE, v. TOWN OF LUMBERTON, EMPLOYER; AND MARYLAND CASUALTY COMPANY, CARRIER.

(Filed 1 February, 1939.)

1. **Master and Servant § 40a—**

   Injuries to an employee are compensable under the Workmen's Compensation Act if they result from an accident which arises out of and in the course of the employment.

2. **Master and Servant § 40d—**

   An "accident" as defined in the Workmen's Compensation Act is an unlooked for and untoward event which is not expected or designed by the injured employee.

3. **Same—Evidence that employee got lime in his eye in course of employment held to support finding that injury resulted from "accident."**

   Evidence that claimant employee got lime in his eye while pouring lime in water in the course of his employment, rubbed his eye with a

handkerchief which had lime on it, causing an infectious condition result-
ing in the loss of his eye, *is held* sufficient to sustain the finding of the
Industrial Commission that the injury resulted from an accident as
defined by the Compensation Act.

APPEAL by defendants from *Sinclair, J.,* at October Term, 1938, of
ROBESON.    Affirmed.

The judgment of the court below, which indicates the controversy, is
as follows: "This cause coming on to be heard and being heard by the
undersigned judge of the Superior Court presiding at this term upon
appeal by the defendants, Town of Lumberton (Employer) and Mary-
land Casualty Company (Carrier), from the award of the North Caro-
lina Industrial Commission heretofore rendered in this case, and upon
the record of this cause certified to this court by said Commission as by
law provided, the court adopts the findings of fact as found by the Full
Commission, and further finds that the injuries sustained by the plain-
tiff, John Love, arose out of and in the course of his employment; that
he had been engaged in said employment for a great many years and had
never sustained any injury in the course of such employment before;
and that the cause of the injury was an unusual and unexpected event:
It is thereupon considered, ordered and adjudged that the injuries sus-
tained by the said John Love was an accident arising out of and in the
course of his employment, causing him to lose his right eye, and the
award of the North Carolina Industrial Commission is hereby in all
respects affirmed.    N. A. Sinclair, Judge Presiding."

To the foregoing judgment the defendants excepted, assigned error
and appealed to the Supreme Court.

*Johnson & Floyd for plaintiff.*
*W. C. Ginter and Varser, McIntyre & Henry for defendants.*

CLARKSON, J.    The question involved: Did the plaintiff sustain an
injury by accident arising out of and in the course of the employment,
as found by the North Carolina Industrial Commission and affirmed
by the court below?    We think so.

The defendants in their brief say: "We concede at the outset that the
court will not review the evidence, except when it is necessary to deter-
mine whether there was any evidence to support a finding of fact.    For
the sake of this argument, we admit that the findings of fact by the
Industrial Commission are binding upon both the plaintiff and the
defendants.    The question, therefore, arising whether upon the facts
as found by the Commission it may be concluded as a matter of law
that plaintiff suffered an injury by accident arising out of and in the
course of his employment."

In *Conrad v. Foundry Co.*, 198 N. C., 723 (725), is the following: "The Workmen's Compensation Law prescribes conditions under which an employee may receive compensation for personal injury. Section 2 (f) declares that 'injury and personal injury shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except when it results naturally and unavoidably from accident.' The condition antecedent to compensation is the occurrence of an (1) injury by accident (2) arising out of and (3) in the course of the employment. . . . (p. 726). The word 'accident,' as used here, has been defined as an unlooked for and untoward event which is not expected or designed by the person who suffers the injury."

Honnold on Workmen's Compensation, Vol. 1, sec. 85, p. 85, *et seq.*, in part, says: "The word 'accident' refers to the cause of the injury, and is here used in its ordinary and popular sense as denoting an unlooked for mishap or an untoward event which is not expected or designed by the workman himself, a physiological injury as the result of the work he is engaged in, an unusual effect of a known cause, a casualty. It implies that there was an external act or occurrence which caused the injury or death. It contemplates an event not within one's foresight and expectation resulting in a mishap causing injury to the employee. Such an occurrence may be due to purely accidental causes, or may be due to oversight and negligence. It may be due to carelessness, not willful, to fatigue, or to miscalculation of the effects of voluntary action." At p. 281 (note) we find: "It was a personal injury by accident where a dock laborer, who was unloading bran containing grit, got some in his eye, and rubbing it, caused an abrasion, necessitating the removal of the eye. *Adams v. Thompson* (1912), 5 B. W. C. C., 19, C. A." The above is a case in all respects similar to the present action.

Workmen's Compensation Law (Schneider), Vol. 1, 2nd Ed., p. 513, is as follows: "The words 'undesigned' or 'unforeseen' refer to the result produced, and not to its cause. When a man lifts a heavy weight, he intends to do exactly what he does do; nevertheless, if he strains a muscle, or ruptures a blood vessel, the injury is due to accident."

Plaintiff Love testified, in part: "I have charge of putting chemicals in the water. On or about the 6th of July, 1937, I had occasion to put chemicals in the water. I put lime in a bucket and then in a hopper; we call it a feeder; which is an automatic feeder. On this night I went and got my lime to put it in and got up on the platform to put it in, went to pour it over, and the lime flew in my face and got in my eyes. I tried to get it out and went to the bowl we had there and washed my face. It gave me awful pain, commenced after that in the night, com-.

menced paining me, just rubbed it, and fooling with it all night, trying to get it out. No one else is at work at the water plant during the night except me. The next morning when Mr. Warwick, the superintendent of the department, came, he said, 'What is the matter with your eye?' I said, 'I got lime in it.' He said, 'Why don't you go and get somebody to wash it out, you go to some of these eye doctors and get it washed out, it is a dangerous contraption to get that thing in there like that.' I went to a doctor."

Dr. Russell S. Beam testified, in part: "Plaintiff told me he got lime in his eye while emptying sack of lime in a hopper and rubbed his eye with a handkerchief which had lime on it. . . . I found nothing on examining his eye after removal that would indicate that it was not a normal eye prior to his injury. . . . I would have to say that the loss of the eye was caused by injury. . . . I am satisfied in my own mind that in all likelihood this trouble was caused by the lime that got in his eye. I don't think there is any doubt about that."

From the evidence we think the Full Commission was justified in finding: "The Full Commission affirms the findings of fact of the hearing Commissioner, and makes the additional finding of fact: That the plaintiff sustained an injury by accident arising out of and in the course of his regular employment on or about July 6, 1937, when he got lime in his right eye, which was the proximate cause of an infectious condition developing in the right eye necessitating the enucleation of same."

The court below "adopts the findings of fact as found by the Full Commission, and further finds that the injuries sustained by the plaintiff, John Love, arose out of and in the course of his employment; that he had been engaged in said employment for a great many years and had never sustained any injury in the course of such employment before; and that the cause of the injury was an unusual and unexpected event."

The court adjudged: "That the injuries sustained by the said John Love was an accident arising out of and in the course of his employment, causing him to lose his right eye, and the award of the North Carolina Industrial Commission is hereby in all respects affirmed." *Slade v. Hosiery Mills,* 209 N. C., 823, and *Neely v. Statesville,* 212 N. C., 365, are distinguishable from the present case.

Plaintiff had been in the employment of the town of Lumberton for about twenty-four years, working seven nights a week, and in all that period was only off his job for less than five days, until the injury in question occurred. A faithful servant, injured in the performance of duty, such as the Workmen's Compensation Act was passed to protect.

We think the evidence plenary to sustain the findings of fact and compensable under the Workmen's Compensation Act.

The judgment of the court below is

Affirmed.