WILLIAM ELLER v. A. C. LAWRENCE LEATHER CO., ET AL.

(Filed 23 September, 1942.)

1. **Master and Servant §§ 40d, 40e, 40f—**

When on September 15, 1939, plaintiff while about his employer's business, was struck on the back of the head by hides he was jerking from hooks about 10 feet from the floor, and therefore had to stop work for a very short time, and as a result of said blow plaintiff contracted hemorrhagic pachymeningitis which has caused his total disability since 26 January, 1940, *held* an injury by accident, arising out of and in the course of his employment within the meaning of the Workmen's Compensation Act.

2. **Master and Servant § 55d—**

Findings of fact by the Industrial Commission, if supported by competent evidence, are conclusive on appeal.

APPEAL by defendants from *Gwyn, J.,* at January Term, 1942, of HAYWOOD.

Proceeding by employee under Workmen's Compensation Act to obtain compensation for injuries; opposed by employer and insurance carrier.

From the record and evidence adduced on the hearing, the Industrial Commission, in addition to the jurisdictional findings, made the following essential factual determinations:

1. That the plaintiff employee, on or about 15 September, 1939, while jerking off two or three hides or "crops" of leather of a total weight of approximately 45 pounds, from hooks about 10 feet from the floor, was struck an unusually heavy blow on the back of his head by said leather, which staggered him and caused him to stop work for a very short time.

2. That the plaintiff employee has been, since he was disabled, and is at present time, suffering from hemorrhagic pachymeningitis, and that this condition is the direct cause of his disability.

3. That the hemorrhagic pachymeningitis from which the plaintiff is suffering was the result of the blow which the plaintiff received on the back of his head, while jerking hides or "crops" of leather from hooks, and specifically that this said blow or lick on the head was received by the plaintiff in the course of and out of his employment with the defendant employer.

4. That the plaintiff employee, on or about 15 September, 1939, sustained an injury by accident which arose out of and in the course of his employment with the defendant employer, and as a result therefrom the plaintiff has been totally disabled from 26 January, 1940, to the date of this hearing, and will continue to be totally disabled until such time as his condition materially improves.

Compensation was awarded, and the award was affirmed on appeal to the Superior Court. From this latter ruling, the defendants appeal, assigning errors.

*Edwards & Leatherwood for plaintiff, appellee.*
*Morgan & Ward and Jones, Ward & Jones for defendants, appellants.*

STACY, C. J. This is one of the border-line cases. It is not easy of decision. Procedural considerations may tip the beam in favor of affirmance. The findings of the Industrial Commission, when supported by competent evidence, are conclusive on appeal. *Buchanan v. Highway Com.*, 217 N. C., 173, 7 S. E. (2d), 382; *Carlton v. Bernhardt-Seagle Co.*, 210 N. C., 655, 188 S. E., 77. Likewise, the presumption against error is invoked by the plaintiff as an aid to his position. *Cole v. R. R.*, 211 N. C., 591, 191 S. E., 353; *Gold v. Kiker*, 218 N. C., 204, 10 S. E. (2d), 650.

There is evidence to support the findings of the Commission. There is some pointing in the opposite direction. This conflict, however, belongs to the fact-finding body, and not to the appellate courts. *Lassiter v. Tel. Co.*, 215 N. C., 227, 1 S. E. (2d), 542. Hemorrhagic pachymeningitis resulting in permanent disability and caused by a traumatic injury or blow on the head which the employee sustained while about the employer's business, may well be said to have arisen out of and in the course

of the employment and properly attributed to the injury by accident. This makes it compensable under our statute.

The finding is that plaintiff sustained an injury by accident which arose out of and in the course of his employment, and that this traumatic injury naturally and proximately resulted in his present disability. *Smith v. Creamery Co.,* 217 N. C., 468, 8 S. E. (2d), 231. The case is much stronger than *MacRae v. Unemployment Compensation Com.,* 217 N. C., 769, 9 S. E. (2d), 595, and *Blassingame v. Asbestos Co.,* 217 N. C., 223, 7 S. E. (2d), 478, where awards of the Industrial Commission were upheld.

In *Dove v. Alpena Hide & Leather Co.,* 198 Mich., 132, 164 N. W., 253, the widow of a deceased employee was held to be entitled to compensation where her husband's death was caused by inhaling infected dust arising from hides as they were piled in a poorly ventilated hide house, the Court saying: "The accidental feature of the case is that by chance the septic germ or germs were taken up by his respiratory organs and carried into his system, an occurrence which the testimony shows probably did happen, but which was unusual in the work at which he was engaged." In the instant case, the injury by accident is much more pronounced under the findings of the Commission.

Viewing the record in its entirety, the conclusion is reached that the judgment of the Superior Court should be upheld.

Affirmed.