W. F. EDWARDS, EMPLOYEE, v. PIEDMONT PUBLISHING COMPANY, EMPLOYER, AND MARYLAND CASUALTY CO., CARRIER.

(Filed 5 March, 1947.)

**1. Master and Servant § 55d—**

In reviewing an award to plaintiff by the Industrial Commission, approved by the Superior Court, the evidence will be considered in the light most favorable for the establishment of the claim, since the findings of fact and the permissible inferences to be drawn therefrom are conclusive when supported by any competent evidence.

**2. Master and Servant § 40b—**

The word "accident" as used in the Workmen's Compensation Act is an unlooked for and untoward event which is not expected or designed by the injured employee. G. S., 97-2 (f).

**3. Same—Evidence held to sustain finding that rupture of intervertebral disc of back while lifting weight was result of an accident.**

The evidence tended to show that the employee lifted a plate weighing 40 or 50 pounds in the regular and usual course of his employment, and while handing it to the pressman with his body in a twisted position, felt a sharp pain. Expert testimony was introduced to the effect that the employee had ruptured an intervertebral disc and that the lifting of the weight in the manner described was sufficient to have produced the injury. Plaintiff employee admitted that on two different occasions, several years previously, when he arose from a sitting position he had a catch in his back. *Held:* The evidence is sufficient to support the finding of the

Industrial Commission that the injury resulted from an accident.  G. S., 97-2 (f) ; G. S., 97-52.

SEAWELL, J., concurring in result.

APPEAL by defendants from *Olive, Special Judge,* at February Term, 1946, of FORSYTH.  Affirmed.

This was a proceeding under the Workmen's Compensation Act for compensation for an injury sustained by the plaintiff while in the employ of defendant Publishing Company.  The Industrial Commission found, under the evidence offered, that the plaintiff had sustained an injury by accident arising out of and in the course of his employment by the defendant, and awarded compensation under the Act.  On appeal to the Superior Court the defendants' exceptions were overruled and the findings and conclusions of the Industrial Commission were affirmed.

Defendants appealed to this Court, assigning error in the ruling of the trial judge.

*No counsel for claimant.*
*W. C. Ginter for defendants, appellants.*

DEVIN, J.  The defendants challenge the correctness of the ruling below on the ground that there was no competent evidence to sustain the finding that the injury complained of was "by accident" within the meaning of the Workmen's Compensation Act.  G. S., 97-2 (f).  They do not controvert the fact that the injury, if properly determined to have been by accident, arose out of and in the course of plaintiff's employment by defendant Publishing Company.

The pertinent facts as found by the hearing commissioner and affirmed by the full commission, were as follows: "The commissioner finds that on February 3, 1945, the claimant in this case was employed as a learner and on said date and in the course of his regular employment, he was required to lift a plate from the floor and hand it to the pressman; and in doing so, the claimant handed the plate to the pressman to his right and at the time his body was in a twist from the position in which he was standing; and at that time he felt an excruciating pain in his low back and hip and turned very white and pale and had to lie down.  He was seen in a day or two by Dr. Vernon Lassiter, who strapped his back and treated him for strained muscle.  The claimant worked with difficulty for several days up until about the 17th of February.  He was seen by Dr. R. A. Moore on March 7th, and Dr. Moore diagnosed his condition as a ruptured intervertebral disc and operated on him on the 14th of March.  The claimant was disabled as a result of said injury and operation until the 10th of June, upon which date his disability following the operation was terminated."

These findings seem to be in accord with the evidence offered.  Plaintiff testified that in the course of his employment and in the performance of his work he picked up a plate off the floor, the plate weighing between 40 and 50 pounds, and made one step with his left foot and had to turn and hand the plate to the pressman over to his right, "kind of twisting"; that he twisted around and handed it to the boy and felt a severe pain in the lower part of his back and hip.  "I never had a pain like that before."  He said he did not slip but "twisted."  Dr. Moore testified the plaintiff described his injury as having been sustained while he was lifting a plate, and that he felt something give way in his back. He gave his opinion that the lifting of the plate in the manner described was sufficient to have produced the injury he found, and that in his opinion it was thus caused.

The defendants call attention to admission by the plaintiff that on two different occasions, several years before, when he arose from a sitting position he had a catch in his back, "above the beltline."  They also point to evidence tending to show that plaintiff had been doing similar work for three months, and that on the occasion of his injury he picked up the plate and "handed it over to the right in the normal, usual way."  Defendants contend this evidence indicates a pre-existing injury, or physical weakness, and negatives the idea of unusual conditions or unexpected consequences, and hence that the finding that the injury resulted from an accident was unsupported.  G. S., 97-52.

However, in view of the finding by the statutory fact-finding body, the plaintiff is entitled to have the evidence considered in the light most favorable for the establishment of his claim, for, if there be any competent evidence to support the findings of the Industrial Commission, these findings must be held conclusive of the facts and of the permissible inferences to be drawn therefrom.  *Southern v. Cotton Mills Co.,* 200 N. C., 165, 156 S. E., 861; *Carlton v. Bernhardt-Seagle Co.,* 210 N. C., 655, 188 S. E., 77; *Barbour v. State Hospital,* 213 N. C., 515, 196 S. E., 812; *Dickey v. Cotton Mills* (S. C.), 39 S. E. (2d), 501.

An accident, as the word is used in the Workmen's Compensation Act, has been defined as "an unlooked for and untoward event which is not expected or designed by the injured employee."  *Love v. Lumberton,* 215 N. C., 28, 1 S. E. (2d), 121; *Smith v. Creamery Co.,* 217 N. C., 468, 8 S. E. (2d), 231.  "A result produced by a fortuitous cause."  *Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844.  "An unexpected or unforeseen event."  Webster.  "An unexpected, unusual or undesigned occurrence."  Black.

The question here presented is whether, taking into consideration all the circumstances connected with plaintiff's claim, the rupture of his intervertebral disc occurred on 3 February, 1945, and, if so, whether it was the result of such an unlooked for and untoward event, produced by lifting

the plate and handing it to another in a "twisted" position as described
by the plaintiff, as to come within the definition of an injury by accident,
and hence to furnish the basis for an award of compensation under the
remedial provisions of the Act. The Industrial Commission has so
found and the Superior Court has affirmed.

This ruling must be upheld. The evidence of the sudden and unex-
pected displacement of the plaintiff's intervertebral disc under the strain
of lifting and turning as described lends support to the conclusion that
the injury complained of should be regarded as falling within the cate-
gory of accident, rather than as the result of inherent weakness, or as
being one of the ordinary and expected incidents of the employment.
*Smith v. Creamery Co.,* 217 N. C., 468, 8 S. E. (2d), 231; *MacRae v.
Unemployment Comp. Com.,* 217 N. C., 769, 9 S. E. (2d), 595; *Moore
v. Sales Co.,* 214 N. C., 424, 199 S. E., 605; *Com. Casualty Ins. Co. v.
Hoage,* 75 F. (2d), 677; *Dixon v. Norfolk Ship & Dry Dock Corp.*
(Va.), 28 S. E. (2d), 617; *Giguere v. Whiting Co.* (Vt.), 98 A. L. R.,
196. See also *Rewis v. Ins. Co.,* 226 N. C., 325, 38 S. E. (2d), 97.

We find nothing in *Neely v. Statesville,* 212 N. C., 365, 193 S. E., 664;
*Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844, or *Buchanan v.
Highway Com.,* 217 N. C., 173, 7 S. E. (2d), 382, to militate against
the conclusion reached on the facts here presented.

Judgment affirmed.

SEAWELL, J., concurring in result: I concur in the result reached in
this case, but dissent from the principle on which it is based. The effect
of the decision is to adopt the minority view that confines compensation
to injuries wholly external,—that is, injuries caused by external force,
accidentally applied,—and does not regard the unexpected breaking or
giving way of the body tissues under the strain or load of the usual
employment as "injury by accident" within the meaning of Section 97-2f
of the Workmen's Compensation Act, G. S., Chapter 97. The proper
definition of this term has an important bearing on the coverage of the
Act, and its administration by the Industrial Commission.

The claimant, without counsel in the court below, was not represented
by counsel here, and filed no brief, and apparently had no counsel before
the Industrial Commission where the claim originated. The defendant
was represented by counsel throughout the proceedings. For that, among
other reasons, not wholly out of regard for the claimant, who seems
to be cast in the role of *propositus,* but in the interest of the many who
may have just claims for compensation which should not be foreclosed
by decision upon a question which may be more or less academically
posed, I venture to state my reasons for disagreeing with the Court.

To understand the question raised by the appeal, I must add somewhat
to the statement of fact in the main opinion. Claimant's evidence, as

given by his co-worker, discloses that the work being done by Edwards was in the usual way of lifting and handling the type plate and passing it to his companion, and that there was no unusual load lifted. The claimant himself so stated, and added that he did not slip, but handled the plate in the same manner he had been doing since his employment some 2½ months ago. If there is any significance to be attached to the position of claimant's body when he passed the plate laterally to his co-worker, it does not appear in the evidence. The plaintiff had been doing that for months. The evidence is clear of any pretense that the work was not being done in the ordinary way incident to the employment. And yet, in my opinion, the claimant is entitled to compensation: Because the displacement of the vertebral disc, an occurrence both unusual and unexpected by the worker,—and in fact by anyone else,— satisfies every essential definitional requirement of "injury by accident" within the meaning of the Compensation law.

In *Smith v. Creamery Co.,* 217 N. C., 468, 8 S. E. (2d), 231, this question was presented to the Court and was decided in accordance with the well established rule in cases cited *infra.* The Court said:

"In *Moore v. Sales Co.,* 214 N. C., 424, 199 S. E., 605,—also a hernia case—the same question was raised, but was not decided, because the Court thought that the essentials of external accident were present under the facts of the case. And this case might be disposed of in a similar way if the Court thought it could, with any further propriety, evade an issue which is squarely laid before us, and is likely to arise again and again."

And further:

"This Court has never attempted definitely to align itself with the minority view that a sudden disruption or breaking of the bones or tissues of the body under the strain of strenuous labor, such as lifting, wholly unusual and unexpected, may not be considered as an element of accident leading to compensable injury . . . If the plaintiff had burst a blood vessel or broken a leg or pulled a tendon under the strain, there would be little argument."

The purport of the decision is not veiled under any subtlety of expression.

I do not question the right of the Court to overrule or disregard *Smith v. Creamery Co., supra,* without assigning any reason for it. It cannot be distinguished. The question is when, in the advancing and receding tide of opinion, some landmark will be left on the beach upon which the profession and others interested may safely rely.

I am not interested in this phase of case history as I am in the propriety and consequences of the present decision.

The language used in our Compensation Laws, "injury by accident," appears in identical form in most of the compensation laws of the sev-

eral states.  They are generally derived directly or mediately from the British Workmen's Compensation Act of 1897, 61-61 Vict. 1897 C. 37, and the Act of 1906, 6 Edward VII, 1906, C. 58, which uses this phrase; and the cases cited here are either identical or comparable in expression. Quoting from *Fenton v. Thornley,* A. C. 443, "The expression 'accident' is used in the popular and ordinary sense of the word as denoting an unlooked for mishap or an untoward event which is not expected or designed.  If. a man, in lifting a weight or trying to move something not easily moved, were to strain a muscle or rick his back, or rupture himself, the mishap in ordinary parlance would be described as an accident. Anybody would say that the man had met with an accident in lifting a weight or trying to move something too heavy for him."

That construction, with great uniformity, is given to the phrase wherever it occurs in the Workmen's Compensation Laws of the several states. *Giguere v. Whiting Co.,* 98 A. L. R., 196, 200; *Stevenson v. Lee Moore Contracting Co.,* 45 N. M., 354, 115 Pac. (2d), 333.  "Injury by accident" and "accidental injury" are considered convertible terms.

"Accident" as used in our Workmen's Compensation Laws, has been defined as an unlooked for and untoward event which is not expected or designed by the injured employee."  *Love v. Lumberton,* 215 N. C., 28, 1 S. E. (2d), 121; *Smith v. Creamery Co., supra.*  In this definition there is no connotation of the distinction now sought to be made.

As I have said, the position taken by the appellants is decidedly against the weight of authority in states where the statutory definition of compensable injury is identical with ours or couched in comparable language, as most of them are.  Horovitz, Workmen's Compensation Laws, pp. 88, *et seq.;* Schneider, Workmen's Compensation (perm. ed.), 1945, Vol. 4, pp. 388, *et seq.; Giguere v. Whiting Co., supra; Lumbermen's Mutual Casualty Co. v. Grigg,* 190 Ga., 277, 9 S. E. (2d), 84 (1940); *Strahorn v. Chapman Construction Co.* (S. C.), 224 S. E. (2d), 116 (1943); *Webster v. Fry Roofing Co.* (Tenn.), 146 S. E. (2d), 946; *Dixon v. Norfolk Shipbuilding & D. D. Corp.* (Va.), 28 S. E. (2d), 617 (1944); *Smith v. Creamery Co., supra; Dove v. Alpena Hide & Leather Co.,* 198 Mich., 132, 164 N. W., 253, quoted in *Eller v. Leather Co.,* 222 N. C., 23, 21 S. E. (2d), 809; *Jones v. Town of Hamden,* 192 Conn., 523 (1942), 29 Atl. (2d), 772; *McCormack Lumber Co. v. Department of Labor,* 7 Wash. (2d), 40, 1941, 108 Pac. (2d), 807; *Clover v. Hughes,* A. C., 242, 3 B. W. C. C., 275; *Brown's case,* 123 Me., 424, 123 Atl., 421.

Space forbids me to multiply citations.  They may be found with appropriate quotations in the authorities cited *supra,* upon the pages indicated.

In *Commercial Casualty Ins. Co. v. Hoage,* 75 F. (2d), 677 (Ky.), it is said:

". . . An accidental injury may occur notwithstanding that the injured is then engaged in his usual and ordinary work, and likewise the injury need not be external. It is enough if something unexpectedly goes wrong with the human frame. And so, an award of damages has been sustained in a case in which the injured was lifting a weight resulting in the breaking of a blood vessel, or the straining of a muscle, or a hernia. Hence it is that 'accidental injury' includes any injury which is unexpected or not designed, and just as much includes injury sustained by an employee subject to physical infirmities as injury to one who is strong and robust."

In *Moore v. Mumford Printing Co.* (N. H.), 185 A., 165, it is said:

"Obviously the same definition of the word 'accident' is to be used whether that word is to be applied to cause or effect." (The statute uses the phrase "injury by accident.")

In *Zappela v. Industrial Ins. Commission,* 82 Wash., 316, 144, p. 54, it is said:

"To hold with the Commission that if a machine breaks, any resulting injury to a workman is within the act but if the man breaks, any resulting injury is not within the act, is too refined to come within the policy of the act as announced by the legislature and the language of the court in its interpretation."

In *Gilliland v. Ash Grove Lime & Cement Co.,* 104 Kan., 771, 180, p. 793, 796 (a case of pulmonary hemorrhage while breaking and loading rock) the Court said:

"The evidence warranted a finding that the physical structure of the man gave way under the strain of his usual labor . . . the term accident applies to him as clearly as it would apply to what happened to the car if it had broken down under the assumed circumstances."

In *Webster v. Roofing Co., supra,* the Court said:

"If, as a result of a strain in lifting some heavy article for his employer, an employee dislocates his vertebrae or breaks his wrist or ruptures a blood vessel, it could hardly be insisted that such injury was not accidental."

A similar illustration is used in *Brown v. Otto Nelson Co.,* 123 Me., 424, 123 Atl., 421, 422, 60 A. L. R., 1293:

"If a laborer, performing a usual task in his wanted way, by reason of strain breaks his wrist, nobody would question the accidental nature of the injury. If, instead of the wrist it is an artery that breaks, the occurrence is just as clearly an accident."

In cases of the kind we are considering, involving strain from lifting or moving heavy bodies,—the most common source of injury to the body tissues and parts of the human frame generally,—we find many cases in which our courts, apparently realizing that the petitioner ought to be compensated under the act, have rather grasped at questionable distinc-

tions; magnifying slight differences in the *weight lifted* or the *strain experienced* or the circumstances which brought them about as being of an accidental nature, thus avoiding the issue as to where the accident really lay. These distinctions are both confusing and challengeable, and merely serve to suspend judgment, or defer the issue for subsequent determination. Whether a workman has been subjected to a *heavy* lift where his employment requires lifting, or to a *severe* strain, is related to his individual strength and condition and not to any standard of huskiness, which cannot be defined, is impossible of application, and has no real existence in actual experience. "Employers take workmen 'as is,' that is, without any warranty as to any state of health known or unknown." Horovitz, *supra,* p. 83. And, we may add, with such strength as they then possess. Insurance carriers know this fact and we may safely assume that it is reflected in their actuarial tables and in the rates which are ultimately absorbed either by the employee or the consumer. The measure of strength which the individual employee may safely put forth, and the condition of underlying disease or weakness which may be aggravated and is, nevertheless, compensable, must be determined by reference to the workman himself.

The restricted definition of "injury by accident" insisted upon by the appellant, although recognized by a small minority of the jurisdictions dealing with similar statutory expressions, is contrary to the meaning assigned to it in the country from which we derived it,—definitions which we are supposed to have inherited along with the phrase itself (*Fenton v. Thornley, supra*), and which have been freely adopted in this country. The adoption of the rule contended for would exclude a large class of cases which ought to be compensable under the act if its main and basic purposes are to be served.

In the leading case of *Fenton v. Thornley Co., supra* (in which the factual situation was similar to that in the case at bar), *Lord MacNaghten,* in writing the final opinion of the House of Lords, said:

"It does seem to be extraordinary that anybody should suppose that when the advantage of insurance against accident at their employers' expense was being conferred on workmen, Parliament could have intended to exclude from the benefit of the Act some injuries ordinarily described as 'accidents' which beyond all others merit favorable consideration in the interest of workmen and employers alike. A man injures himself by doing some stupid thing, and it is called an accident, and he gets the benefit of the insurance. It may even be his own fault, and yet compensation is not to be disallowed unless the injury is attributable to 'serious and wilful misconduct,' on his part. A man injures himself suddenly and unexpectedly by throwing all his might and all his strength and all his energy into his work by doing his very best and utmost for his employer, not sparing himself or taking thought of what may come upon

him, and then he is told that his case is outside the Act because he exerted himself deliberately, and there was an entire lack of the fortuitous element! I cannot think that that is right."

This opinion expresses the rule of the English courts which has been widely adopted in this country and is the prevailing rule at this time.

In every jurisdiction where similar laws have been enacted, as far as my research extends, a liberal construction is demanded, particularly of the coverage clauses. *Johnson v. Asheville Hosiery Co.,* 199 N. C., 38, 153 S. E., 591; *Barbour v. State Hospital,* 213 N. C., 515, 516, 196 S. E., 812; *Thomas v. Raleigh Gas Co.,* 218 N. C., 429, 11 S. E. (2d), 297; *Brown v. Bristol Block Co.,* 94 Vt., 123, 128, 108 Atl., 922; *Giguere v. Whiting Co., supra.* It is important to both labor and industry that the law should be uniform in those states which adopt it. And, in view of the compromises and mutual concessions made by employers and employees alike for the security of both of them, neither can be benefited and both may be harmed, in a continued fight to limit the field of liability beyond the reasonable purpose of the act and a fair interpretation of its covering provisions reasonably construed—often a controversy foreign to the desire of either party.

The humanitarian purpose in this and similar laws is an outstanding feature and none the less so is the economic security thus afforded, certainly as important to labor as it is to industry. In view of both these purposes and to maintain the balance thus created the coverage of the Act is most important, and any decision we make with regard to it should keep that principle steadily in mind. In the exchange both parties have paid an economic price. Neither should have what it gets reduced below the price it was supposed to pay.

The apprehension that the more liberal construction of the definition of compensable injury will lead to compensation of all injuries sustained in the employment is not well founded; and it has never been given that interpretation in any jurisdiction of which I am aware. It will bring into the coverage of the Act workmen whose injuries are as much caused by accident as those which are supposed to be compensable under the narrow construction now about to be applied, and will bring within the benefits of the law many deserving cases to which, in my judgment, it was intended to apply.

In the present case it could hardly be disputed that what occurred was an accident. The spinal column is one of the best protected bits of machinery in the body. The discs upon which the vertebrae rotate and which cushion its solid segments are not subject to displacement several times a day or month or year. God is not so poor an engineer. Considering the nature of the employment, it is not contrary to reason or experience that an accident should be precipitated by the incidence of the employment when the duties are routinely performed in the ordi-

nary way,—a way, however, which proved beyond the strength of the worker or the stoutness of his frame. It may well come about when, perhaps because of a concurring weakness, the usually reliable defensive mechanism of the body is caught "off balance." The fact that the injured parts had not succumbed to earlier strains is not significant. It was simply a case of the pitcher going to the well once too often. Even if predisposed by prior trauma incurred in the employment, the result was an accident compensable under the law,—untoward, unexpected, undesigned, and distinctly marked as to time, place and circumstance.

For the reason stated, the judgment of the Superior Court sustaining the award should be affirmed.