JAMES CRESWELL v. CHARLOTTE NEWS PUBLISHING COMPANY AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.

(Filed 15 March, 1933.)

**Master and Servant F a—Newsboy held not an employee of newspaper within meaning of Compensation Act.**

Under the facts of this case a newsboy engaged in selling papers is held not to be an employee of the newspaper within the meaning of that term as used in the Workmen's Compensation Act, the newsboy not being

on the newspaper's payroll and being without authority to solicit sub-scriptions and being free to select his own methods of effecting sales, although some degree of supervision was exercised by the newspaper.

CIVIL ACTION, before *MacRae, Special Judge,* at May Term, 1932, of MECKLENBURG.

James Creswell, a fourteen-year old boy, was engaged in selling news-papers for the defendant, Charlotte News Publishing Company. The plaintiff was engaged by Van Austin, supervisor of sellers of newspapers published by the defendant company, who turned over to him and other newsboys a certain number of papers to sell each day. The papers were delivered to them on credit, and they settled for such papers at the rate of three cents each. The newsboys retained as their own the selling price above three cents, and all unsold papers were returned to the de-fendant at the end of the day. The newsboys, including the plaintiff, were assigned a regular territory, and the supervisor of defendant told them what the headlines were in the papers and checked up the boys in order to ascertain if they were on the job or needed additional papers. If they did not stay on the beat assigned and were not active in the effort to sell papers, they lost their jobs. The plaintiff was not on the payroll of the defendant, did not solicit subscriptions to the paper and solicited sales in his territory from anyone he chose, and otherwise conducted the selling according to his own notions and methods. On Sunday morning, 22 November, 1932, the plaintiff, as usual, was in his territory selling papers. A Negro hit him on the head with a brick and inflicted injury.

Claim was duly filed with the Industrial Commission, and there was an award by the hearing Commissioner, and upon appeal to the full Commission the award was affirmed. Thereupon the defendant appealed to the Superior Court. The trial judge, being of the opinion that the plaintiff was not an employee of the defendant, News Publishing Com-pany, annulled the award, and the plaintiff appealed.

*Ralph V. Kidd for plaintiff.*
*Thomas W. Ruffin for defendant.*

BROGDEN, J. Was the plaintiff an employee of the defendant within the purview of the Workmen's Compensation Act?

The act defines employee to mean "every person engaged in the em-ployment under any appointment or contract of hire or apprenticeship, express or implied, oral or written," etc. The plaintiff was not on the payroll of the defendant and although he was assigned a specific terri-tory and required to remain therein and actively engaged in an effort to sell newspapers, notwithstanding he conducted the sales according to

his own methods. Thus, he solicited sales from such persons as he desired. Apparently he was not required to solicit every person within the territory, nor were instructions given him as to the manner of securing purchasers. While there was certain supervision exercised by the agent of defendant with respect to the territory assigned, the control over the methods of selling was too uncertain, indefinite, and remote to constitute the relationship of employer and employee. The Supreme Court of California in *New York Industrial Company v. Industrial Accident Corporation,* 1 Fed. (2d), 12, has discussed and decided the identical question presented by this appeal upon facts practically identical. Moreover, the definition of employee in the Workmen's Compensation Act of California is practically the same as contained in the North Carolina act. The Court said: "The undisputed evidence discloses that aside from the question of control the relation created by the daily series of contacts between Eustace and the newspaper publishers, through their legal representative, the district manager, while somewhat difficult of definition as that of an independent contractor, was more nearly allied to the relation of a sales agent, under the authorities to which we have been cited, than to that of an employee and employer as these terms are defined in the Workmen's Compensation, Insurance and Safety Act." Other cases in point and supporting the decision are *Associated Indemnity Corporation v. Industrial Accident Corporation,* 2 Pac. (2d), 51; *Hartford Accident & Indemnity Co. v. Industrial Accident Commission,* 10 Pac. (2d), 1035; *State Compensation Insurance Fund v. Industrial Accident Commission,* 14 Pac. (2d), 306; *Gall v. Detroit Journal Co.,* 158 N. W., 19, 36 A. L. R., 1164.

Affirmed.