**BUTLER v. UNITED STATES.**
**Civil Action No. 725.**

District Court, S. D. Texas,
Houston Division.

Oct. 8, 1942.

Sewall Myer and Frank Campbell Fourmy, both of Houston, Tex., for plaintiff.

Douglas W. McGregor, U. S. Atty., and Brian S. Odem and W. F. Leigh, Asst. U. S. Attys., all of Houston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit by R. O. Butler, doing business as Butler's Barber and Beauty Shop, of Houston, Texas (for brevity called Plaintiff), against the United States of America (for brevity called Defendant), to recover $621.68 paid by Plaintiff to Defendant under the Social Security Act and particularly under the provisions imposing an excise tax on employers having as many as eight persons in their employ (Sections 1101 and 1107, Title 42 U.S.C.A.). He also sues for interest. The case is this: If Love, a negro bootblack, who worked in Plaintiff's barber shop during the years 1937, 1938, and 1939, was an employee of Plaintiff within the meaning of the Act, Plaintiff had eight employees and was liable for the tax. But if he was not such employee, then Plaintiff was not liable for the tax.

It is undisputed that Plaintiff's claim for refund has been denied, and that the Court has jurisdiction.

The facts are as follows:

(a) Plaintiff was the only witness who testified at the trial, and there is nothing that tends to affect his credibility.

(b) During 1937, 1938, and 1939, Plaintiff, as now, was the proprietor of and operating a barber shop and beauty parlor in the City of Houston, Texas, where Plaintiff and his employees rendered to the public, and received pay therefor, the service usually rendered by a barber shop and beauty parlor. During such period, Plaintiff had seven employees, not counting a negro bootblack, Robert Love, now deceased. If Love was an employee, Plaintiff had eight employees during said period.

(c) Love took the coats, hats, etc., of Plaintiff's customers when they entered the shop, and hung them up. He shined their shoes when requested, brushed off their clothing, and handed them back their coats and hats, etc. as they left the shop. He was paid wholly and entirely by tips from such customers. Plaintiff paid him nothing. Love did not perform this service for all Plaintiff's customers. He only shined their shoes when requested by them to do so, and if a customer was not liberal with tips, he sometimes performed no service at all for him.

(d) Love from time to time performed the same or similar services for persons who were not customers of Plaintiff, and was paid by them in the same way.

(e) Love performed no service of any kind or character for Plaintiff. He paid Plaintiff nothing for the privilege of serving Plaintiff's customers in Plaintiff's shop. Plaintiff furnished Love, and Love used, without charge, a bootblack stand located in the shop.

(f) It was advantageous to Plaintiff and his business to have Love in his shop to thus serve his customers, and it was about equally advantageous to Love to have such privilege of serving Plaintiff's customers, i.e., one advantage about offset the other.

(g) Plaintiff had no control over Love with respect to his work, his hours of work, nor what days he should work, nor with respect to the manner Love performed his work. The arrangement between them was "at will" and one that either could terminate at any time.

(h) The arrangement between Plaintiff and Love was in effect prior to the passage of such Act, and there is nothing to indicate an effort to evade the provisions of the Act.

Conclusions of Law.

1. Defendant cites Nicholas v. Richlow Mfg. Co., 10 Cir., 126 F.2d 16, Deecy Products Co. v. Welch, 1 Cir., 124 F.2d 592, 139 A.L.R. 916, and No. 608, Adorable Beauty School et al. v. United States, 61 F.Supp. 694. The facts in those cases are not the same nor even similar to the case here. All involved the question of whether an officer of a corporation was an employee within the meaning of such Act. In the Adorable Beauty School case, this Court followed the Nicholas case, but stated that if the Deecy case was applicable, the Beauty School, under the facts there, was no better off.

In United States v. Griswold, 1 Cir., 124 F.2d 599, 601, which was decided by the same Court that decided the Deecy case, and on the same day, it is said:

"In the Deecy case we have set forth at some length our views on the construction to be given the pertinent sections of the Social Security Act of 1935. These views

694

are decisive of the issues here involved. We said that Section 1101(a) (6) meant that if one met the tests of the ordinary employment relationship, his status as an employee was not to be destroyed by the fact that he was also a corporate officer. We held that 'an employee is one who meets the tests of the more or less established concept of "the legal relationship of employer and employee," Texas Co. v. Higgins, 2 Cir., 1941, 118 F.2d 636, 637, and that one who does not meet those tests is not an employee within the meaning of the act even though he may bear the title of corporate officer.' "

I have examined the case mentioned, Texas Co. v. Higgins, 2 Cir., 118 F.2d 636. It seems to me that the facts there are more like this case and the controlling principles of law are more clearly expressed than in any of the cases. It was there held that Thomas, who it was claimed was an employee of Texas Company within the meaning of the Act, was not an employee, but an "independent contractor." I do not think Love was an employee of Plaintiff within the meaning of the Act, nor do I think he was an independent contractor. So long as he was not an employee of Plaintiff, it is not necessary to here define his status.

From what has been said, it follows that Plaintiff is entitled to judgment for the sum sued for, with interest.

Let a decree be drawn and presented.