ELI BELL ET AL. v. WILLIAMSTON LUMBER CO. ET AL.

(Filed 26 February, 1947.)

**Master and Servant § 55d—**

The findings of the Industrial Commission that deceased was not an employee of defendant but an employee of independent contractors for defendant, is conclusive when supported by the evidence even if the record be such as would permit a contrary finding.

APPEAL by plaintiffs from *Burgwyn, Special Judge,* at September Term, 1946, of MARTIN.

Proceeding under Workmen's Compensation Act to determine liability of defendants to father and mother, dependents of Abraham Bell, deceased employee.

According to the findings of the Industrial Commission, the deceased was employed by J. B. Nicholson and View Nicholson in their logging operations for the Williamston Lumber Company. He came to his death by accident arising out of and in the course of his employment. The Nicholsons do not have as many as five persons in their employ. Hence they are not subject to the provisions of the Workmen's Compensation Act. The deceased was not an employee of the Williamston Lumber Company, but of the Nicholsons, who were independent contractors.

Upon these findings, which are supported by the evidence, compensation was denied.

Upon appeal to the Superior Court, the determination of the Industrial Commission was upheld.

The plaintiffs appeal, assigning errors.

*P. H. Bell for plaintiffs, appellants.*

*Norman & Rodman for defendants, Lumber Co. and Insurance Co., appellees.*

PER CURIAM.    The case turns on whether the Nicholsons were agents of the lumber company or independent contractors.    The Commission found that they were independent contractors, and the Superior Court has approved.    *Beach v. McLean,* 219 N. C., 521, 14 S. E. (2d), 515; *Graham v. Wall,* 220 N. C., 84, 16 S. E. (2d), 691; *Bryson v. Lumber Co.,* 204 N. C., 664, 169 S. E., 276; *Hayes·v. Elon College,* 224 N. C., 11, 29 S. E. (2d), 137.    Even if the record were such as to permit a contrary finding, the determination of the Industrial Commission would be conclusive on appeal.    *Hegler v. Mills Co.,* 224 N. C., 669, 31 S. E. (2d), 918.    To accept the plaintiffs' version of the matter would require a rejection of the opposing inferences which support the fact-finding body.    *Kearns v. Furniture Co.,* 222 N. C., 438, 23 S. E. (2d), 310; *Lassiter v. Tel. Co.,* 215 N. C., 227, 1 S. E. (2d), 542.

No reversible error has been made to appear.

Affirmed.