[Civ. No. 13555. First Dist., Div. Two. June 4, 1948.]

MARK HOPKINS INCORPORATED (a Corporation), Appellant, v. CALIFORNIA EMPLOYMENT STABILIZATION COMMISSION et al., Respondents.

Rogers & Clark and Bruce F. Allen for Appellant.

Fred N. Howser, Attorney General, and Chas. G. Johnson, Deputy Attorney General, for Respondents.

NOURSE, P. J.—Appellant, Mark Hopkins, Incorporated, appeals from an adverse judgment in an action brought against the California Employment Stabilization Commission to recover $4,061.59 paid under protest, in accordance with section 45.10 of the California Unemployment Insurance Act [Stats. 1935, p. 1226 as amended; 3 Deering's Gen. Laws, Act 8780d], which sum represented contributions, interest and penalties alleged by the commission to be due under the act with respect to compensation paid to musicians of bands playing at the hotel.

Plaintiff in its complaint stated that the collection of contributions, penalties and interest with respect to payments made to Joe Reichman, Ernie Heckscher, Herbie Holmes and Henry King was illegal, as set forth in its protest, and that the relationship existing between plaintiff and said persons did not constitute ''employment,'' as defined in section 6.5 of the California Unemployment Insurance Act and that no ''wages'' as defined in section 11 of the act were paid to said persons.

Defendants cross-complained bringing in the above-mentioned band leaders as new parties, asking for judgment against each one of them in certain specified amounts as contributions owing under the California Unemployment Insurance Act (3 Deering's Gen. Laws, Act 8780d); stating that the commission was uncertain whether the band leader or the hotel was ''the employer'' within the meaning of section 9 of the. act and praying for judgment against the individual band leaders or in the alternative the Mark Hopkins Hotel. The trial judge dismissed the cross-complaint as to the named band leaders and held the Mark Hopkins liable for the contributions.

The question presented in this case is whether an employer-employee relationship existed between the hotel and musicians or whether the leaders of the ''name bands'' were independent contractors.

Testimony was given to the effect that the hotel negotiated for the bands through the Music Corporation of America and another regular booking agency and did not deal directly with the band leaders or with the musicians in obtaining their services. It also appears that from 1941 on, covering the period of time involved in this action, in order to obtain one of these bands the hotel was obliged to sign contract Form B, a contract devised by the American Federation of Musicians. It was stipulated that the contract was prescribed by the rules of the American Federation of Musicians and was the only contract under which musicians would work in bands for hotels.

The Form B contract, which the hotels were compelled to accept without change, provides: ''The employer shall at all times have complete control of the services which the employees will render under the specifications of this contract. On behalf of the employer the Leader will distribute the amount received from the employer to the employees, including himself, as indicated on the opposite side of this contract, or in place thereof on separate memorandum supplied to the employer at or before the commencement of the employment hereunder and take and turn over to the employer receipts therefor from each employee, including himself. The amount paid to the Leader includes the cost of transportation, which will be reported by the Leader to the employer. The employer hereby authorizes the Leader on his behalf to replace any employee who by illness, absence, or for any other reason does not perform any or all of the services provided for under this contract.''

The trial court, relying wholly on the terms of the Form B contract, found that the relationship between plaintiff and the individual members of the respective orchestras was that of employer and employee.

Appellant contends that the relationship of the band leader to the hotel was that of an independent contractor. It states the element of control necessary to establish an employer-employee relationship was lacking, that complete control was vested in the band leader who hired and fired his own musicians without interference from the hotel, decided what salaries to pay, made the agreements with the members and paid them, decided the number of musicians in the band, types of instruments, and supervised the deportment of the musicians on the hotel premises; that the leader maintained

his own business organization with a manager or bookkeeper, hired a booking agency to procure engagements, accumulated a library of sheet music, paid promotional and advertising expenses and took his musicians with him from one engagement to another, and took the risk of profit or loss. These are the undisputed facts upon which appellant relies. Respondents rest their case on the terms of the Form B contract.

The precise question has been decided by the United States Supreme Court in *Bartels* v. *Birmingham*, 332 U.S. 126 [67 S.Ct. 1547, 91 L.Ed. 1947, 172 A.L.R. 317], where, on facts substantially identical, that court held that the elements of the employment, rather than the terms of the compulsory contract designed "to shift tax liability from one taxpayer to another" were the controlling factors. In conclusion the court said (p. 1954 [91 L.Ed.]) : "We are of the opinion that the elements of employment mark the band leader as the employer in these cases. The leader organizes and trains the band. He selects the members. It is his musical skill and showmanship that determines the success or failure of the organization. The relations between him and the other members are permanent; those between the band and the operator are transient. Maintenance costs are a charge against the price received for the performance. He bears the loss or gains the profit after payment of the members' wages and the other band expenses."

Judgment reversed.

Goodell, J., and Dooling, J., concurred.