LILLY COOPER, WIDOW; WILLIAM LEE COOPER, JR., SON; BARBARA
JEAN COOPER, DAUGHTER, AND ANNA LEE BOBBITT, STEPDAUGHTER OF
WILLIAM LEE COOPER, DECEASED, EMPLOYEE, v. COLONIAL ICE COM-
PANY, EMPLOYER; AND HARTFORD ACCIDENT & INDEMNITY COM-
PANY, CARRIER.

(Filed 2 March, 1949.)

**1. Master and Servant § 55d—**

Findings of fact of the Industrial Commission are conclusive when sup-
ported by evidence, even though the evidence permit an inference *contra*,
but conclusions of law deduced from the facts found under a misappre-
hension of law are reviewable.

**2. Master and Servant § 4a—**

An independent contractor is one who exercises an independent employ-
ment and contracts to do certain work according to his own judgment and
method, without being subject to his employer except as to the results of
his work.

**3. Master and Servant § 39b—Evidence held to sustain finding that de-
ceased was employee and not independent contractor.**

The evidence disclosed that intestate sold ice in his territory at defend-
ant's regular retail price and thereafter paid defendant a stipulated sum
for each block sold, that defendant turned over to him all orders received
by it within his territory, furnished intestate a horse and wagon and feed
for the horse, which were kept at defendant's place of business, that de-
fendant required him to report at the plant at a stipulated time six days
a week and that defendant delivered ice to the wagon upon request and
did not permit intestate to haul on the wagon more than six blocks of ice
at a time, with evidence that at times intestate was on defendant's pay
roll, *is held* sufficient to support the finding of the Industrial Commission
that intestate was an employee within the coverage of the Workmen's
Compensation Act and not an independent contractor.  G.S. 97-2 (b).

BARNHILL, J., dissents.

APPEAL by defendant from *Bone, J.,* at October Term, 1948, of
WILSON.  Affirmed.

Claim by dependents of William Lee Cooper under Workmen's Com-
pensation Act for compensation for fatal injury by accident arising out
of and in the course of his employment by defendant Colonial Ice Co.

The facts found by the Industrial Commission, and upon which it based
an award may be summarized as follows:

Ten years before his death William Lee Cooper entered into an oral
arrangement with Colonial Ice Co. for the sale and delivery of ice in
specified territory in Wilson.  Defendant agreed to furnish him a horse
and wagon, and all equipment used in connection with retail delivery of
ice.  The name of the Colonial Ice Co. was on the wagon.  According

to this arrangement each morning during the season Cooper was to obtain a load of ice at defendant's plant and was charged $1.20 for each block which he was to sell at the Company's regular retail price of $1.80. Cooper was to begin work at 7 a.m. and quit before dark. Whenever orders were received by the defendant for ice to be delivered in the territory served by Cooper these orders were turned over to Cooper to make delivery, and defendant would deliver additional ice to his wagon when requested. Each day when Cooper returned from selling ice, he paid the Ice Company at the specified rate and was credited with ice unsold. The defendant had right to terminate the agreement at any time or discharge him if work unsatisfactory. A similar arrangement applied to retail sale of coal. At times Cooper was on the defendant's pay roll for other work at the plant. The Industrial Commission found his hours of work, territory, and other details concerning the sale and delivery of ice were supervised by defendant, and that the arrangement for purchase and payment of ice was in effect a method of calculating his wages and obtaining payment for ice delivered by him. Cooper kept the horse and wagon in defendant's plant and he fed the horse on materials furnished by defendant. Defendant's manager testified, "During the winter months of '46 and '47 he was on the payroll." Defendant did not allow him to haul on the wagon more than six blocks of ice at the time. Cooper sold ice ticket books and turned the money over to defendant, thereafter accepting tickets as cash. In October, 1947, while Cooper was engaged under this arrangement in delivering ice, he was struck by a motortruck and injured, and died in consequence. In defendant's form report of the injury (employer's report of accident to employee) transmitted to the Industrial Commission 16 October, 1947, the Colonial Ice Co. was named as "employer" and "ice delivery" was put down as Cooper's "regular occupation." In response to the question, "How long employed by you" defendant wrote, "10 years." "Piece or time work?" "Piece." . . . 10 hours per day, 6 days per week, average weekly earnings $40.

The Industrial Commission found that Cooper's fatal injury was by accident arising out of and in the course of his employment by defendant Ice Company, and awarded compensation in accord with the statute. On appeal by the defendants to the Superior Court the action of the Industrial Commission was in all respects affirmed, and defendants appealed to this Court.

*Connor, Gardner & Connor and Cyrus F. Lee for plaintiffs, appellees.*
*Ruark & Ruark for defendants, appellants.*

DEVIN, J. The defendants denied liability on the ground that the decedent William Lee Cooper, at the time of his injury, was not an em-

ployee of the defendant Colonial Ice Co. within the meaning of the statute (G.S. 97-2 (b)) but was an independent contractor. It was urged that the facts, as such, found by the Industrial Commission sustain the defendants' view, and are insufficient to support an award in favor of claimants under the Workmen's Compensation Act.

In order to implement the remedial purposes of the Workmen's Compensation Act the Industrial Commission is constituted the fact-finding body, and the statute declares that the findings of this Commission shall be "conclusive and binding as to all questions of fact." G.S. 97-86; *Hunter v. Peirson,* 229 N.C. 356, 49 S.E. 2d 653; *Gabriel v. Newton,* 227 N.C. 314, 42 S.E. 2d 96; *Smith v. Paper Co.,* 226 N.C. 47, 36 S.E. 2d 730; *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515; *Cloninger v. Bakery Co.,* 218 N.C. 26, 9 S.E. 2d 615; *Lockey v. Cohen,* 213 N.C. 356, 196 S.E. 342; *Carlton v. Bernhardt-Seagle Co.,* 210 N.C. 655, 188 S.E. 77. But this does not mean that the conclusions of the Commission from the facts found are in all respects unexceptionable. *Perley v. Paving Co.,* 228 N.C. 479, 46 S.E. 2d 298. Or as expressed by *Justice Denny* in *Whitted v. Palmer-Bee Co.,* 228 N.C. 447, 46 S.E. 2d 109, "When facts are found by the Commission under a misapprehension of the law, the court is not bound by such findings." Here the material facts are not controverted. But it is argued that these facts necessarily develop the defendant's contention that the contract of service of the decedent was that of an independent contractor. Question is raised whether the findings of fact made by the Industrial Commission are supported by competent evidence (*Carlton v. Barnhardt-Seagle Co., supra*), and, if so, whether on the facts so found the contractual relationship between the decedent and the defendant Ice Company was such as to invoke remedy under the Act.

It is well settled as a general rule that an independent contractor is one who exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the results of his work. *Perley v. Paving Co., supra; Greer v. Construction Co.,* 190 N.C. 632, 130 S.E. 739. The distinction between an independent contractor and an employee entitled to benefits under the Workmen's Compensation Act has frequently been considered by this Court and applied to the particular circumstances of individual cases. *Perley v. Paving Co., supra; Bell v. Lumber Co.,* 227 N.C. 173, 41 S.E. 2d 281; *Creighton v. Snipes,* 227 N.C. 90, 40 S.E. 2d 612; *Smith v. Paper Co., supra; Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137; *Beach v. McLean, supra; Creswell v. Pub. Co.,* 204 N.C. 380, 168 S.E. 408; *Johnson v. Hosiery Co.,* 199 N.C. 38, 153 S.E. 591.

An examination of the record in the case at bar in the light of these decisions leads to the conclusion that the findings of fact of the Industrial Commission have their inception in the evidence adduced at th  hearing

and are based thereon, and that the inferences of fact deducible therefrom support the award in favor of claimants. Hence, we think the judgment of the Superior Court in affirmance should not be disturbed. In *Rewis v. Ins. Co.*, 226 N.C. 325, 38 S.E. 2d 97, *Chief Justice Stacy*, speaking to this point, said: "The Courts are not at liberty to reweigh the evidence and to set aside the findings of the Commission, simply because other inferences could have been drawn and different conclusions might have been reached." And in *Gabriel v. Newton*, 227 N.C. 314, 42 S.E. 2d 96, it was said: "Permissible inferences *contra* would not warrant setting aside the findings of the Commission."

We think the record discloses facts sufficient to sustain the award. *DeVine v. Steel Co.*, 227 N.C. 684, 44 S.E. 2d 77.

Defendants rely on *Creswell v. Pub. Co.*, 204 N.C. 380, 168 S.E. 408, but we think the characteristics of an employment which is cognizable under the Act are here more pronounced than in the Creswell case, and that the facts are distinguishable.

The judgment sustaining the award of the Industrial Commission is
Affirmed.

BARNHILL, J., dissents.