[Civ. No. 14089. First Dist., Div. Two. Dec. 27, 1949.]

GUS CANDIDO, Appellant, v. CALIFORNIA EMPLOY-MENT STABILIZATION COMMISSION, Respondent.

Fabian D. Brown for Appellant.

Fred N. Howser, Attorney General, Charles W. Johnson and William L. Shaw, Deputy Attorneys General, for Respondent.

DOOLING, J.—Plaintiff, the proprietor of a barber shop, sued to recover payments of unemployment insurance assessments. He appeals from a judgment for defendant.

During the period in question appellant had in his shop three other barbers and a bootblack. Under section 9(a), California Unemployment Insurance Act (Stats. 1937, p. 2055; 3 Deering's Gen. Laws, Act 8780d) appellant was only subject to the statute if the three barbers and the bootblack were all employees.

On the trial appellant testified that one of the three barbers, Zingarelli, was a partner in the business and produced documents on their face purporting to be a contract of copartnership between Zingarelli and appellant and a later dissolution of such partnership. Zingarelli contradicted this testimony and testified that he was in fact an employee and that the agreement of copartnership which he signed was a subterfuge, not executed in good faith and never put into operation. The trial court found on this conflicting evidence that Zingarelli was an employee and this finding is not attacked on appeal.

The trial court also found that the bootblack was an employee and the appellant centers his attack on this finding. As to the bootblack appellant testified that he was a lessee of

the bootblack stand at a rental of $8.00 per month and not an employee. In support of this claim appellant produced a *manicurist's* contract signed by the bootblack at a period later than that in question and testified that when the bootblack came to the shop originally appellant had an agreement with him "just like it." The bootblack testified that he signed this document without reading it, which may well be believed. The bootblack testified further that he had worked in other barber shops for many years as an employee and that the services rendered by him for appellant were identical with those rendered as an employee in the other shops. His compensation came from shoes shined for customers and from tips. He performed generally the duties of a porter, cleaning the floors, taking care of towels and other equipment, helping customers of the barber shop put on their hats and coats, etc.

On cross-examination the bootblack testified that he had an arrangement with appellant "to pay him $8 a month for the privilege of shining shoes of the customers that came in the barber shop and retained the tips," that he had no fixed hours; paid appellant $2.00 per week; and that "(we) didn't have that in the agreement, but it was generally agreed between Mr. Candido and myself that I clean up (the shop)."

Appellant claims that this evidence compels a finding that the bootblack was a lessee or independent contractor and not an employee. We cannot agree. It is the function of the trial court to weigh the evidence and draw any reasonable inference therefrom. The duty of an appellate court ends when it determines that there is substantial evidence, or substantial support in the evidence for a reasonable inference, which supports the trial court's findings.

The good faith of appellant was seriously discredited by Zingarelli's testimony that appellant sought to disguise the fact that Zingarelli was his employee by having him sign a fictitious agreement of copartnership. Under the circumstances the trial court was entitled to infer that the arrangement with the bootblack was another subterfuge to disguise what was actually an employer-employee relationship.

█ The Supreme Court has held that even though a contract on its face purports to create another relationship, the circumstances may support a finding that the contracting parties are in fact employer and employee. (*Pacific Lbr. Co. v. Industrial Acc. Com.*, 22 Cal.2d 410 [139 P.2d 892]; *cf., Mark Hopkins Inc.* v. *California Emp. etc. Com.*, 86 Cal.App. 2d 15 [193 P.2d 792], where this court following *Bartels* v.

*Birmingham,* 332 U.S. 126 [67 S.Ct. 1547, 172 A.L.R. 317, 91 L.Ed. 1947], looked behind a written contract designed "to shift tax liability from one taxpayer to another" and found that the writing was a subterfuge to disguise the employer-employee relation between a band leader and his musicians.)

*Empire Star Mines Co.* v. *California Emp. Com.,* 28 Cal.2d 33 [168 P.2d 686] is not controlling. In that case the trial court found that the contract did not create the relation of employer and employee and the Supreme Court affirmed this finding; nor was there anything in the evidence in that case to cast doubt on the bona fide character of the written agreement.

Judgment affirmed.

Goodell, J., concurred.