STATE OF NORTH CAROLINA, ON RELATIONSHIP OF THE EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, v. J. L. COE AND MRS. ILA COE, TRADING AS VICTORY BARBER SHOP, 508 BUILDERS BUILDING, CHARLOTTE, NORTH CAROLINA, EMPLOYER No. 72-60-097.

(Filed 16 December, 1953.)

1. **Master and Servant § 62—**

Findings of fact of the Employment Security Commission are conclusive on appeal when supported by competent evidence. G.S. 96-4 (m).

2. **Master and Servant § 58—**

When employment within the meaning of the Employment Security Law is once established and the employer becomes covered thereunder, he remains so until coverage is terminated as provided by G.S. 96-11.

3. **Same—Findings held to support conclusion that shoeshine boy was employee of barber shop within meaning of Employment Security Law.**

Findings to the effect that the employer regularly employed seven barbers and in addition thereto "engaged" the services of a boy, who shined shoes for customers, and also swept and waxed the floors, cleaned mirrors, and removed soiled towels from barbers' stands, all at the employers' place of business, and that the shoeshine boy was under the direct control of the manager who could discharge him at any time, and that in return for these services the employer furnished the shoeshine boy a stand and materials, paid privilege tax, and permitted him to receive as compensation whatever he was paid for shining shoes, plus tips, *is held* sufficient to support the conclusions of the Employment Security Commission that such shoeshine boy was an employee and not an independent contractor, so as to bring the employer within the coverage of the Employment Security Law during the period in question prior to 1 January, 1949. G.S. 96-8 (g), G.S. 96-8 (n).

4. **Same—**

A finding by the Employment Security Commission that the employer "engaged" the services of a shoeshine boy is tantamount to a finding that it employed the shoeshine boy, and his compensation in being permitted to retain whatever he was paid for shines, plus tips, constitutes wages or remuneration for his services within the meaning of the Act.

5. **Same—**

When the Employment Security Commission finds upon competent evidence that a person was an employee of a defendant prior to 1949, the statute then in effect put the burden on such defendant to show to the satisfaction of the Commission that the services performed by such employee came within the exceptions provided by A, B and C of subsection

(g) 6 of G.S. 96-8, and since the statute states these exceptions conjunctively, all three must be met in order for the employee to be exempt.

APPEAL by defendants from *Sharp, Special Judge,* August Term, 1953, of MECKLENBURG.

This is a proceeding to determine whether J. L. Coe and wife, Mrs. Ila Coe, trading as the Victory Barber Shop, are liable for contributions upon wages paid their employees during the years 1947, 1948, 1949 and subsequent years, until coverage under the Employment Security Law is terminated as provided by law.

The findings of fact by the Employment Security Commission, which are essential to a determination of the question presented on this appeal, are as follows:

"2. . . . . That in the operation of the barber shop the said partnership of J. L. Coe and wife, Ila Coe, hereinafter referred to as the barber shop, maintained seven barber's chairs, and in addition thereto maintained a shoeshine stand and a public bath service. That the barber shop paid all privilege tax to the City of Charlotte and the State of North Carolina upon the shoeshine stand.

"4. That during the calendar years 1947, 1948, and 1949, the barber shop employed regularly seven barbers during each week, and in addition thereto engaged the services of a shoeshine boy. That such shoeshine boy was supposed to shine shoes of customers, and in addition thereto was required to wax floors, clean mirrors, sweep floors, remove soiled towels from barber's stands, and prepare baths for customers. That such shoeshine boy was under the direct control of the manager of the barber shop, the manager having complete control of all operations therein. That the manager could discharge said shoeshine boy at any time, if it was necessary. That such shoeshine boy furnished the polish, shine rags, and brushes necessary to shine shoes. That the services performed by the shoeshine boy were performed in the place of business of the barber shop and were in the usual course of business thereof, and that the shoeshine boy was not customarily established in an independently established business of operating a shoeshine stand.

"5. That including the shoeshine boy as an employee of the barber shop, during the years 1947, 1948, and 1949, the barber shop had in employment as many as eight individuals in as many as twenty different weeks in each of such calendar years."

Pursuant to these findings of fact, the Commission entered an order to the effect that J. L. Coe and wife, Ila Coe, trading as the Victory Barber Shop, was a covered employer within the terms of the Employment Security Law during the years 1947, 1948, and 1949, and shall report and

pay contributions upon wages paid their employees during such years and continuing thereafter until coverage is terminated as provided by law.

The defendants excepted to the order of the Commission and appealed to the Superior Court. The hearing in the Superior Court resulted in an affirmance of the Commission's order, and the defendants appeal to this Court, assigning error.

*H. Haywood Robbins and Harry C. Hewson for appellants.*

*W. D. Holloman, R. B. Overton, and D. G. Ball for appellee, Employment Security Commission.*

DENNY, J. The sole question for determination on this appeal is whether or not the shoeshine boy performing services for the Victory Barber Shop, as outlined in the findings of fact, was employed by the barber shop within the meaning of the Employment Security Law.

The evidence clearly establishes the fact that the agreement between the manager of the barber shop and the shoeshine boy required the shoeshine boy to perform certain services for the barber shop, and he was at all times subject to discharge by the manager of the barber shop. In return for these services the barber shop furnished him a shoeshine stand and paid the privilege tax required therefor by the City of Charlotte and the State of North Carolina. The shoeshine boy furnished the polish, shine rags, and brushes necessary to shine shoes, and received as compensation for his services whatever he got for shoe shines and tips. He had no fixed hours, but the manager of the barber shop in testifying about when the shine boy rendered his services to the shop, said, "at various hours ranging from 8 :00 A.M. to 6 :00 P.M."

Are the findings of fact by the Commission supported by competent evidence? We think so. Consequently, such findings are conclusive on appeal. G.S. 96-4 (m); *Unemployment Compensation Com. v. Willis,* 219 N.C. 709, 15 S.E. 2d 4; *Graham v. Wall,* 220 N.C. 84, 16 S.E. 2d 691; *Employment Security Com. v. Roberts,* 230 N.C. 262, 52 S.E. 2d 890; *Employment Security Com. v. Kermon,* 232 N.C. 342, 60 S.E. 2d 580; *Employment Security Com. v. Monsees,* 234 N.C. 69, 65 S.E. 2d 887.

It is our task to determine whether the findings of fact support the Commission's conclusions of law.

" 'Employment' means service performed prior to January 1, 1949, which was employment as defined in this chapter prior to such date, and any service performed after December 31, 1949, . . . performed for wage or under any contract of hire, written or oral, express or implied, in which the relationship of the individual performing such service and the employing unit for which such service is rendered is, as to such service, the legal relationship of employer and employee. Provided, however,

the term 'employee' includes an officer of a corporation, but such term does not include (1) any individual who, under the usual common-law rules applicable in determining the employer-employee relationship, has the status of an independent contractor, or (2) any individual (except an officer of a corporation) who is not an employee under such common-law rules." G.S. 96-8 (g).

However, since the services under consideration involve a period of two years prior to 1 January, 1949, it becomes necessary to ascertain what the law provided with respect to "employment" prior thereto. Moreover, where employment within the meaning of the Employment Security Law is once established and the employer becomes covered thereunder, he remains so until coverage is terminated as provided by G.S. 96-11.

Prior to 1 January, 1949, the law defined "employment" as ". . . service, . . . performed for remuneration or under any contract of hire, written or oral, express or implied." G.S. 96-8 (g) (1).

G.S. 96-8 (g) (6) of the Employment Security Law, prior to 1949, further defined "employment" as follows:

"(6) Services performed by an individual for remuneration shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the commission that:

"(A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract or service and in fact; and

"(B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

"(C) Such individual is customarily engaged in an independently established trade, occupation, profession, or business."

The appellants contend that the Commission made no finding to the effect that the shine boy received any remuneration for the services rendered to the barber shop. However, in finding of fact No. 4, the Commission found "that during the calendar years 1947, 1948, and 1949, the barber shop employed regularly seven barbers during each week, and in addition thereto engaged the services of a shoeshine boy."

The word "engage" is defined in Black's Law Dictionary, Third Edition, page 661, as follows: "To employ or involve one's self; to take part in; to embark on." While Webster's New International Dictionary, Second Edition, defines the word "engaged" as: "Occupied; employed."

The Employment Security Law of North Carolina, in subsection (n) of G.S. 96-8, contains the following provisions:

"From and after March 10, 1941, 'wages' shall include commissions and bonuses and the cash value of all remuneration in any medium other

than cash. The reasonable cash value of remuneration in any medium other than cash, and the reasonable amount of gratuities shall be estimated and determined in accordance with rules prescribed by the Commission: . . ."

When we consider the words "employment," "wages," "services," and "remuneration," as they have been defined in our Employment Security Law, during the period involved herein, we are of the opinion that the judgment of the court below, which affirmed the order of the Commission, should be upheld. *Unemployment Compensation Com. v. Jefferson Standard Life Ins. Co.*, 215 N.C. 479, 2 S.E. 2d 584; *Employment Security Com. v. Distributing Co.*, 230 N.C. 464, 53 S.E. 2d 674; *Cooper v. Ice Co.*, 230 N.C. 43, 51 S.E. 2d 889; *Scott v. Lumber Co.*, 232 N.C. 162, 59 S.E. 2d 425; *Sisk v. Arizona Ice & Cold Storage Co.*, 60 Ariz. 496, 141 P. 2d 395; *Candido v. California Employment Stabilization Com.*, 95 Cal. 2d 338, 212 P. 2d 558; *McDermott v. State*, 196 Wash. 261, 82 P. 2d 568. The cases of *Butler v. United States* (D.C. Tex.), 61 F. Supp. 692, and *Magruder v. Yellow Cab Co. of D. C.* (C.C.A. Md.), 141 F. 2d 324, cited by the appellants, are distinguishable.

When the Employment Security Commission finds upon competent evidence that a person was an employee of a defendant prior to 1949, the statute then in effect put the burden on such defendant to show to the satisfaction of the Commission that the services performed by such employee comes within the exceptions provided in subsections A, B, and C of section 6 of subsection (g) of G.S. 96-8, hereinabove set out. Moreover, these exceptions are stated conjunctively and not disjunctively. Therefore, all three of these exceptions must be met in order that the defendant be exempted from the act. *Unemployment Compensation Com. v. Jefferson Standard Life Ins. Co., supra; Employment Security Com. v. Distributing Co., supra.*

The Commission held that the defendants did not bring themselves within the exceptions because, among other things, the shine boy was not free from direction or control of the manager of the barber shop; that the services rendered were not outside the usual course of the business carried on by the defendants, and not performed outside the place of business where the barber shop was operated, but on the contrary all the services were rendered in the place of business of the defendants. Neither was the shine boy, under the evidence disclosed by the record, an independent contractor. *Hayes v. Elon College*, 224 N.C. 11, 29 S.E. 2d 137.

In *Cooper v. Ice Co., supra,* this Court held that an individual who entered into an oral arrangement with the ice company for sale and delivery of ice in a specified territory and who was furnished conveyance and equipment in connection with the retail delivery of such ice, and whose remuneration was determined by the difference between the whole-

sale price of the ice and its retail price, was an employee of the ice company. Likewise, under a similar arrangement, in the case of *Sisk v. Arizona Ice & Cold Storage Co., supra,* involving the Employment Security Act of that State, which is almost identical with ours, the Court said: "It appears that the services must be for wages. The contribution to be paid is based on the wages and consists of a percentage thereof. It is possible to contend the retail dealers were not paid wages, that therefore there is no basis upon which to compute contributions. It is apparent that their compensation for delivering the ice to the customer was to consist of the difference between what the appellee charged them for it and what they received from the customer, and the question is whether the legislative intent was that such remuneration should be classified as wages in construing the terms of the act." The Court held that the evidence sustained the finding that the compensation received by the retail ice dealers, consisting of the difference between what the ice company charged them and what they received from the customer, constituted "wages" within the meaning of the Employment Security Act, citing *Unemployment Compensation Com. v. Jefferson Standard Life Ins. Co., supra.*

In the case of *Candido v. California Employment Stabilization Com., supra,* the arrangement between the barber shop and the bootblack was similar to that in the instant case, except the bootblack paid $8.00 per month for the privilege of shining shoes. His compensation came from shoe shines and from tips. He performed generally the services of a porter, cleaning floors, taking care of towels and other equipment, helping customers of the barber shop put on their hats and coats, etc. The Court held the evidence sustained the finding that the bootblack was an employee of the proprietor of the barber shop, so as to render the proprietor liable for unemployment insurance assessments under the Unemployment Insurance Act, rather than as lessee or independent contractor.

In our opinion, the findings of fact made by the Commission herein are sufficient to support its conclusions of law. Therefore, the judgment of the court below is

Affirmed.